UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JOON KEE JAMES, et al.<br><br>        Defendants. | No. 1:23-cv-01505-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT HUYNH'S MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 15) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Huynh's motion to dismiss, filed April 19, 2024.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants Joon Kee James, Sabrina M. Kurezeski, Vu Quang Huynh, and Gerald Edwards for deliberate indifference to Plaintiff's serious medical need.

On March 8, 2024, a signed waiver of service was returned on behalf of Defendant Vu Quang Huynh. (ECF No. 13.)

On March 29, 2024, the summons were returned executed as to Defendants Joon Kee James, Sabrina M. Kurezeski, and Gerald Edwards. (ECF No. 14.) These Defendants have not

1

1    timely responded to the complaint, despite being personally served with process.  (ECF No. 14.)

2    On April 18, 2024, Defendant Vu Quang Huynh filed the instant motion to dismiss for
3    lack of jurisdiction and failure to state a claim for relief.  (ECF No. 15.)

4    On April 24, 2024, Defendant Vu Quang Huynh filed an answer to the operative
5    complaint.  (ECF No. 16.)

6    Plaintiff has not filed an opposition to Defendant's motion to dismiss and the time to do so
7    has passed.  Local Rule 230(l).  Accordingly, Defendant's motion to dismissed is deemed
8    submitted without oral argument.

## II.

## DISCUSSION

This action is proceeding on Plaintiff's claims that Defendants Joon Kee James, Sabrina M. Kurezeski, Vu Quang Huynh, and Gerald Edwards for deliberate indifference to Plaintiff's serious medical needs when he was taken to the hospital emergency room for evaluation. Plaintiff claims that he reported to several emergency room personnel that he was assaulted by correctional officers and that his back hurt.  Plaintiff also alleges that correctional officers directed that he be provided only a CT of the brain without explanation and that emergency room providers acted under a "code of silence" with correctional officers to ignore Plaintiff's medical needs.

Defendant Dr. Van Quang Huynh argues that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Dr. Huynh is not a state actor for purposes of § 1983 liability.  In the alternative, Defendant argues that Plaintiff fails to state a cognizable claim for relief under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).  To state a claim under § 1983, Plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (quoting Gritchen v.

Collier, 254 F.3d 807, 812 (9th Cir. 2001)); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see also Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." Gritchen, 254 F.3d at 812; see also West v. Atkins, 487 U.S. 42, 46–48 (1988). The question in determining whether a person is subject to suit under § 1983 is the same as the question in Fourteenth Amendment claims, Pasadena Republican Club v. W. Justice Ctr., 985 F.3d 1161, 1167 (9th Cir. 2021). Specifically, is the alleged infringement of federal rights fairly attributable to the government? Id.

Determining whether a private party acts under color of state law "is a matter of normative judgment, and the criteria lack rigid simplicity." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 747 (2020). "[N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government." Brentwood, 532 U.S. at 295–96. To typically act under color of state law, a defendant must have exercised power possessed on account of state law and made possible because they are cloaked with the authority of state law. West, 487 U.S. at 49; Florer, 639 F.3d at 922. A defendant need not necessarily be a state employee, but they must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

There are at least four tests that facilitate identification of state action. Namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Rawson, 975 F.3d at 747 (quoting Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003)). Satisfaction of any the tests is enough to find state action, provided no "countervailing" factor defeats a finding of state action. Pasadena Republican Club, 985 F.3d at 1167; Rawson, 975 F.3d at 747. Regardless of the test, the question is simply always whether a defendant has exercised power possessed and made possible because state law. Pasadena Republican Club, 985 F.3d at 1167.

1    The public function test is satisfied only upon a showing that the function relevant to a
2    claim is "both traditionally and exclusively governmental." Rawson, 975 F.3d at 747 (quoting
3    Kirtley, 326 F.3d at 1093). A plaintiff may satisfy both the nexus and joint action tests by
4    identifying "a sufficiently close nexus between the state and the private actor," such that the
5    private action may be treated as an action of the State, or where the State is so interwoven with
6    the private action that the State was a joint participant in the action. Id. (quoting Jensen v. Lane
7    Cty., 222 F.3d 570, 575 (9th Cir. 2000)). Governmental compulsion or coercion may exist if the
8    State exercised coercive power or provided encouragement—whether explicit or secret—such
9    that a choice must be viewed as one made by the State. Id. (citing Blum v. Yaretsky, 457 U.S.
10   991, 1004 (1982)).

11   Physicians who contract with prisons to provide healthcare to inmates are state actors.
12   See, e.g., West, 487 U.S. at 50–54; Harris v. Mkrtchyan, No. 2:19-cv-1040-JAM-JDP (PC), 2021
13   WL 2651999, at *2 (E.D. Cal. June 28, 2021); George v. Sonoma Cty. Sheriff's Dep't, 732 F.
14   Supp. 2d 922, 934 (N.D. Cal. 2010). However, private doctors, nurses, and hospitals who have
15   not assumed the State's obligation to provide medical care to inmates, are not state actors just
16   because they provide one-off medical treatment to an inmate. See, e.g., West, 487 U.S. at 50–54;
17   Felix v. Casey, No. 2:18-cv-3185-KJM-AC-P, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021);
18   Probst v. Adams Cty. Sheriff's Dep't, No. 1:20-cv-00032-DCN, 2021 WL 1554064, at *3 (D.
19   Idaho Apr. 19, 2021).

20   Here, there is insufficient allegations that Dr. Vu Quang Huynh is a contracted physician
21   with California City Correctional Facility, the California Department of Corrections and
22   Rehabilitation (CDCR), or that he is otherwise employed by the State. In fact, it appears that Dr.
23   Vu Quang Huynh is employed by Adventist Health, Tehachapi. (ECF No. 12.); see also Von
24   Haney v. Cross, No. 2:18-CV-1836 KJN P, 2019 WL 586620, at *2 (E.D. Cal. Feb. 13, 2019)
25   (stating outside surgeons and anesthesiologist at Shasta Medical Center and "are not employees of
26   the California Department of Corrections and Rehabilitation, and thus do not qualify as state
27   actors under section 1983."). Dr. Huynh's status as a state actor is further strained by the fact that
28   he was contacted to perform "emergency" room services. See Clewis v. Cal. Prison Health Care

Servs., No. 2:14-cv-01682-SI, 2013 WL 2482521, at *1 (E.D. Cal. June 10, 2013) (finding no state action where "a health care provider not contracted to the state has a preexisting commitment to serve all persons who present themselves for emergency treatment"); Sykes v. McPhillips, 412 F.Supp.2d 197, 204 (N.D.N.Y. 2006) (doctors "non-contractual provision of medical services outside of the prison context, in an emergency room, is not sufficient to support a finding of state actor status"); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009) ("an emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons").  Although Plaintiff alleges that emergency room personnel acted pursuant to a "code of silence" with correctional officers in denying his appropriate medical care, there are insufficient facts to demonstrate that Dr. Huynh was aware of and a willing participant in the alleged "code of silence."  In addition, there are no facts to demonstrate how or when this "code of silence" was implemented or employed to give rise to the level of "state action" under § 1983.  Absent any specific allegations demonstrating that Dr. Huynh was acting under state law, this Court lacks subject matter jurisdiction.  Further, amendment in this instance would be futile at this time as Plaintiff has not filed an opposition to explain otherwise and has failed to make any showing that Defendant engaged in state action.[1]  Accordingly, Defendant's motion to dismiss the claims against him for lack of subject matter jurisdiction should be granted.[2]

### III.

### ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  However, the Court need not grant leave to amend where the amendment is futile. AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

[2] Because the Court finds that it lacks subject matter jurisdiction, the Court need not reach Defendant's alternative argument that the complaint fails to state a cognizable claim for relief.

5

1. Defendant Dr. Huynh's motion to dismiss for lack of subject matter be granted; and

2. Dr. Huynh be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 22, 2024**

_____
UNITED STATES MAGISTRATE JUDGE