UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOON KEE JAMES, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-01505 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT HUYNH'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, AND DIRECTING THE CLERK OF COURT TO UPDATE THE DOCKET<br><br>(Doc. 20) |

　　　　Jaime Cesar Gonzalez seeks to hold the defendants liable for deliberate indifference to his serious medical needs when he was taken to the hospital emergency room for an evaluation following an altercation with correctional officers at California City Correctional Facility. (Doc. 9.) Dr. Vu Quang Huynh seeks dismissal of the claims raised against him pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15.) Plaintiff did not oppose the motion.

　　　　The magistrate judge observed that "private doctors, nurses, and hospitals who have not assumed the State's obligation to provide medical care to inmates, are not state actors just because they provide one-off medical treatment to an inmate." (Doc. 20 at 4, citing, *e.g., West v. Atkins*, 487 U.S. 42, 50-54 (1988); *Felix v. Casey*, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021).) The magistrate judge found there were "insufficient allegations that Dr. Vu Quang Huynh is a contracted physician with California City Correctional Facility, the California Department of Corrections and Rehabilitation (CDCR), or that he is otherwise employed by the State." (*Id.*) The magistrate judge also noted that

1

Dr. Huynh "was contracted to perform 'emergency' room services" for Plaintiff.  (*Id.*)  Given the lack of factual allegations demonstrating that Dr. Huynh acted under state law, the magistrate judge found the Court lacked subject matter jurisdiction over the claims against him, and that amendment would be futile. (*Id.* at 5.) The magistrate judge recommended the motion to dismiss for lack of subject matter jurisdiction be granted and Dr. Huynh be dismissed as a defendant.  (*Id.* at 5-6.)

The Court served the Findings and Recommendations on the parties and notified Plaintiff that any objections were due within 14 days.  (Doc. 20 at 6.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 22, 2024 (Doc. 20) are **ADOPTED** in full.
2. The motion to dismiss by Defendant Vu Quang Huynh (Doc. 15) is **GRANTED**.
3. Dr. Vu Quang Huynh is **DISMISSED** as a defendant.
4. The action **SHALL** proceed as to Defendants Joon Kee James, Sabrina M. Kurezeski, and Gerard Edwards.
5. The Clerk of Court is directed to update the docket.

IT IS SO ORDERED.

Dated:   **August 15, 2024**                        _____
                                                    UNITED STATES DISTRICT JUDGE