1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JAIME CESAR GONZALEZ,                    No.  1:23-cv-01505-JLT-SAB (PC)

12                   Plaintiff,                FINDINGS AND RECOMMENDATION
                                               RECOMMENDING DEFENDANTS'
13             v.                              MOTION TO SET ASIDE ENTRY OF
                                               DEFAULT BE GRANTED
14    JOON KEE JAMES, et al.
                                               (ECF No. 22)
15                   Defendants.

16

17         Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18    U.S.C. § 1983.

19         Currently before the Court is Defendants' motion to set aside the entry of default, filed

20    August 20, 2024.  (ECF No. 22.)

21                                             **I.**

22                                        **BACKGROUND**

23         This action is proceeding against Defendants Joon Kee James, Sabrina M. Kurezeski, and

24    Gerald Edwards for deliberate indifference to Plaintiff's serious medical need.[1]

25         On March 29, 2024, the summons were returned executed as to Defendants Joon Kee

26    James, Sabrina M. Kurczeski (erroneously sued as Sabrina M. Kurezeski), and Gerald Edwards.

27    (ECF No. 14.)  These Defendants did not timely respond to the complaint, despite being

28    _____
      [1] On August 15, 2024, the Court granted Defendant Vu Quang Huynh's motion to dismiss.  (ECF No. 21.)

                                                1

1   personally served with process.  (ECF No. 14.)  Therefore, on July 2, 2024, the Court entered

2   default as to these Defendants.  (ECF No. 17.)

3         On August 20, 2024, Defendants Kurczeski and Edwards filed a motion to set aside the

4   entry of default.  (ECF No. 21.)  Plaintiff has not filed an opposition and the time to do so has

5   passed.  Local Rule 230(l).

6                                              **II.**

7                                        **DISCUSSION**

8         Federal Rule of Civil Procedure Rule 55(c) provides that a "court may set aside an entry

9   of default for good cause." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs

10  vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default

11  judgment under Rule 60(b)." Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc., 375

12  F.3d 922, 925 (9th Cir. 2004). In analyzing "good cause," the Court considers three factors: "(1)

13  whether the party seeking to set aside the default engaged in culpable conduct that led to the

14  default; (2) whether it had no meritorious defense; or (3) whether reopening the default would

15  prejudice the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615

16  F.3d 1085, 1091 (9th Cir. 2010) (alterations and internal quotation marks omitted) (quoting

17  Franchise Holding II, 375 F.3d at 925-26).  This standard "is disjunctive, such that a finding that

18  any one of these factors is true is sufficient reason for the district court to refuse to set aside the

19  default." Id. The moving party bears the burden of demonstrating that these factors favor setting

20  aside the default. See Franchise Holding II, 375 F.3d at 926.

21        "[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases

22  should be decided on their merits." Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974).

23  See also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step

24  appropriate only in extreme circumstances; a case should, whenever possible, be decided on the

25  merits.").

26        Defendants argue that their failure to timely respond to the first amended complaint is not

27  the product of willful or culpable conduct, they have a meritorious defense to the allegations

28  made against them in this action, and Plaintiff will not be prejudiced by an order setting aside the

                                              2

1    entry of default.  (ECF No. 21 at 2.)  The Court agrees.

2           **A.      Defendants' Conduct**

3           A "defendant's conduct is culpable if he has received actual or constructive notice of the

4    filing of the action and intentionally failed to answer." <u>Alan Neuman Productions, Inc. v.</u>

5    <u>Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). "Neglectful failure to answer as to which the

6    defendant offers a credible, good faith explanation negating any intention to take advantage of the

7    opposing party, interfere with judicial decision making, or otherwise manipulate the legal process

8    is not 'intentional[.]' " <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 697 (9th Cir. 2001),

9    overruled on other grounds by <u>Egelhoff v. Egelhoff ex rel. Breiner</u>, 532 U.S. 141, 147-50 (2001).

10          Defendants submit that they were notified in or around the end of March 2024 that AHTV

11   had accepted service of the summons and first amended complaint on their behalf. (Declaration of

12   Rachelle Roach ("Roach Decl."), ¶ 4; Declaration of Gerald Edwards ("Edwards Decl."), ¶ 3;

13   Declaration of Sabrina M. Kurczeski ("Kurczeski Decl."), ¶ 3.) At that time, the Defendants were

14   advised by AHTV Risk Management that they did not need to do anything further until they were

15   contacted by a lawyer. (Roach Decl., ¶ 4; Edwards Decl., ¶ 3; Kurczeski Decl., ¶ 3.) Defendants

16   assumed that steps were taken to file their response to the first amended complaint, as they did

17   not hear anything further about the lawsuit. (Edwards Decl., ¶ 3; Kurczeski Decl., ¶ 3.) However,

18   due to an internal miscommunication, AHTV did not retain legal counsel until July 2024. (Roach

19   Decl., ¶ 4.) Defendants discovered on or about July 31, 2024 that a default had been entered

20   against them and steps were taken by Adventist Health Tehachapi Valley ("AHTV") Risk

21   Management to investigate the circumstances leading to the failure to file the responsive

22   pleading, and to work with counsel in the preparation and filing of a motion to set aside the entry

23   of default. (Roach Decl., ¶ 4.)  Based on Defendants' submission, made under penalty of perjury,

24   the Court finds that they did not intentionally fail to file a response to the operative complaint.

25          **B.      Meritorious Defense**

26          "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily

27   heavy." <u>TCI Group Line Ins. Plan v. Knoebber</u>, 244 F.3d 691, 700 (9th Cir. 2001). "All that is

28   necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true,

                                              3

1    would constitute a defense[.]" U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615

2    F.3d 1085, 1094 (9th Cir. 2010) (quoting TCI, 244 F.3d at 700); see also In re Stone, 588 F.2d

3    1316, 1319 n.2 (10th Cir. 1978) ("the purpose of the requirement is to show the trial court that a

4    sufficient defense is assertible"). "[T]he question whether the factual allegation [i]s true' is not to

5    be determined by the court when it decides the motion to set aside the default. Rather, that

6    question 'would be the subject of the later litigation.'" Mesle, 615 F.3d at 1094 (quoting TCI, 244

7    F.3d at 700).

8           Here, although Defendants have not yet filed an answer to the operative complaint, they

9           submit that they are not government actors under section 1983 and they did not deny

10   refused to provide medical treatment to Plaintiff, but rather provided appropriate care and

11   treatment to Plaintiff. (Edwards Decl., ¶ 5; Kurczeski Decl., ¶ 5.)  Rule 8 of the Federal Rules of

12   Civil Procedures allow that a "party that intends in good faith to deny all the allegations of a

13   pleading--including the jurisdictional grounds--may do so by a general denial." Fed. R. Civ. P.

14   8(b)(3); see also Sanchez v. Hacienda Records and Recording Studio Inc., No. H–11–3855, 2013

15   WL 3457072, at *2 (S.D. Tex. July 9, 2013) ("Quiroz's statement that he is not liable for any of

16   the damages alleged by Sanchez is in the nature of a general denial.").

17          **C.      Prejudice to Plaintiff**

18          "To be prejudicial, the setting aside of a judgment must result in greater harm than simply

19   delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his

20   claim will be hindered.' " TCI, 244 F.3d at 701 (quoting Falk 739 F.2d at 463). "[T]he delay must

21   result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater

22   opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433-

23   34 (6th Cir. 1996).

24          Here, Plaintiff did not file an opposition and there is nothing in the record to indicate that

25   the Plaintiff would be prejudiced if the entry of default was set aside.  Indeed, there is no basis to

26   find that there would be any loss of evidence and the only harm in setting aside the judgment is a

27   mere delay in the resolution of the case.  The minimal delay in this action does not outweigh the

28   public policy of resolving actions on the merits.

1    Accordingly, Defendants have shown that all of the relevant factors weigh in favor of

2  setting aside default, and the motion to set aside entry of default should be granted.

3                                              **III.**

4                                    **RECOMMENDATION**

5    Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to set

6  aside the entry of default be granted.

7    This Findings and Recommendation will be submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

9  **days** after being served with this Findings and Recommendation, the parties may file written

10  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendation."  The parties are advised that failure to file objections within the

12  specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

13  838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15  IT IS SO ORDERED.

16  Dated:    **September 27, 2024**

                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28