1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    JAIME CESAR GONZALEZ,                 Case No. 1:23-cv-01505 JLT SAB (PC)

12              Plaintiff,                  ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS, GRANTING
13        v.                                DEFENDANTS' MOTION TO SET ASIDE
                                            ENTRY OF DEFAULT, AND DENYING
14    JOON KEE JAMES, et al.                PLAINTIFF'S REQUEST FOR COUNSEL

15              Defendants.                 (Docs. 22, 23)

16

17          Jaime Cesar Gonzalez seeks to hold the defendants liable for deliberate indifference to his

18    serious medical needs when he was taken to the hospital emergency room, following an

19    altercation with correctional officers at California City Correctional Facility.  (Doc. 9.)

20    Defendants Gerald Edwards and Sabrina M. Kurczeski move to set aside the default entered

21    against them pursuant Rule 55(c) of the Federal Rules of Civil Procedure.  (Doc. 22.)  Plaintiff

22    did not oppose the motion.

23          The magistrate judge found Defendants "did not intentionally fail to file a response to the

24    operative complaint."  (Doc. 23 at 3.)  In addition, the magistrate judge indicated Defendants

25    satisfied the requirement to identify a meritorious defendants, because "they submit that they are

26    not government actors under section 1983 and they did not … refuse[] to provide medical

27    treatment to Plaintiff."  (*Id.* at 3-4.)  Finally, the magistrate judge found "nothing in the record to

28    indicate that the Plaintiff would be prejudiced if the entry of default was set aside."  (*Id.* at 4.)

1   Thus, the magistrate judge found Defendants showed "all of the relevant factors weigh in favor of

2   setting aside default," and recommended the motion be granted.  (*Id.* at 5.)

3        The Court served the Findings and Recommendations upon the parties and notified them

4   that any objections must be filed within 14 days of the date of service.  (*Id.* at 5.)  The Court also

5   informed Plaintiff that the "failure to file objections within the specified time may result in the

6   waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).)

7        Plaintiff filed objections to the Findings and Recommendations, which the Court

8   considers despite its untimely filing.  However, Plaintiff does not address the findings of the

9   magistrate judge related to the pending motion.  (*See* Doc. 24 at 1-2.)  Rather, Plaintiff

10  summarizes his assertions against the defendants in this case, and indicates he is "at a great

11  disadvantage with [his] lack of knowledge."  (*Id.* at 1.)  Plaintiff asserts that he is "ill prepared" to

12  prosecute his claims and requests the Court appoint counsel.  (*Id.* at 2.)

13       According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case.

14  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

15  are supported by the record and by proper analysis.  Further, to the extent Plaintiff seeks

16  appointment of counsel in his objections, the Court denies the motion. Plaintiff does not have a

17  constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525

18  (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the Court

19  cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v.*

20  *U.S. Dist. Ct. for the S. Dist.of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional

21  circumstances the Court may request the voluntary assistance of counsel pursuant to section

22  1915(e)(1). *Rand*, 113 F.3d at 1525.  After reviewing the record, the Court is unable to determine

23  whether Plaintiff is likely to succeed on the merits of his claims.  Additionally, Plaintiff appears

24  capable of adequately articulating his claims and arguing legal issues without the assistance of

25  counsel.  Exceptional circumstances do not exist at this time to warrant appointment of counsel.

26  Thus, the Court **ORDERS**:

27       1.    The Findings and Recommendations filed on September 27, 2024 (Doc. 23) are

28             **ADOPTED** in full.

2

2.      Defendants' motion to set aside the entry of default (Doc. 22) is **GRANTED**.

3.      Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

4.      The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   __**October 27, 2024**__

UNITED STATES DISTRICT JUDGE