1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JAIME CESAR GONZALEZ,                    No.  1:23-cv-01505-JLT-SAB (PC)

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DEFENDANTS'
13           v.                                MOTION TO DISMISS BE GRANTED

14    JOON KEE JAMES, et al.,                  (ECF No. 27)

15                    Defendants.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18    U.S.C. § 1983.

19          Currently before the Court is Defendants' motion to dismiss, filed November 18, 2024.

20    (ECF No. 27.)

21                                             I.

22                                  PROCEDURAL BACKGROUND

23          This action is proceeding against Defendants Joon Kee James, Sabrina M. Kurczeski,[1] and

24    Gerald Edwards for deliberate indifference to Plaintiff's serious medical need.

25          On March 8, 2024, a signed waiver of service was returned on behalf of Defendant Vu

26    Quang Huynh.  (ECF No. 13.)

27          On March 29, 2024, the summons were returned executed as to Defendants Joon Kee

28    _____

[1] Erroneously sued by Plaintiff as Sabrina M. Kurezeski.

1

1    James, Sabrina M. Kurczeski, and Gerald Edwards.  (ECF No. 14.)  However, these Defendants

2    did not file a timely response, and, on July 2, 2024, the Court entered default as to these

3    Defendants.  (ECF No. 17.)

4        On April 18, 2024, Defendant Vu Quang Huynh filed a motion to dismiss for lack of

5    jurisdiction and failure to state a claim for relief.  (ECF No. 15.)

6        On April 24, 2024, Defendant Vu Quang Huynh filed an answer to the operative

7    complaint.  (ECF No. 16.)

8        On July 22, 2024, Findings and Recommendations were issued to grant Defendant

9    Huynh's motion to dismiss.  (ECF No. 21.)  The Findings and Recommendations were adopted in

10   full on August 15, 2024, and Defendant Huynh was dismissed from the action.  (ECF No. 21.)

11       On August 20, 2024, Defendants Kurczeski and Edwards filed a motion to set aside the

12   entry of default.  (ECF No. 22.)

13       On September 17, 2024, Findings and Recommendations were issued to grant the motion

14   to set aside the entry of default as to Defendants Kurczeski and Edwards.  (ECF No. 23.)  The

15   Findings and Recommendations were adopted on October 28, 2024.  (ECF No. 25.)

16       On November 18, 2024, Defendants Kurczeski and Edwards filed the instant motion to

17   dismiss the claims against them for lack of jurisdiction.[2]  (ECF No. 27.)  Plaintiff did not file an

18   opposition and the time to do so has passed.  Local Rule 230(l).

19                                          **II.**

20                                     **DISCUSSION**

21       This action is proceeding on Plaintiff's claims that Defendants Joon Kee James, Sabrina

22   M. Kurczeski, Vu Quang Huynh, and Gerald Edwards for deliberate indifference to Plaintiff's

23   serious medical needs when he was taken to the hospital emergency room for evaluation.

24   Plaintiff claims that he reported to several emergency room personnel that he was assaulted by

25   correctional officers, that his back hurt, and he had lost control of his bowels.  Plaintiff also

26   alleges that correctional officers directed that he be provided only a CT of the brain without

27   explanation and that emergency room providers acted under a "code of silence" with correctional

28
_____
[2] No response has been filed on behalf of Defendant Joon Kee James.

officers to ignore Plaintiff's medical needs.  He further alleges that the health care providers neglected his medical needs as "retaliation."  Plaintiff then contends he was discharged without treatment for his back pain and later, on April 27, 2023, it was discovered that he had a spinal fracture.

Defendants Kurczeski and Edwards argue that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because they are not a state actor for purposes of § 1983 liability.  In the alternative, Defendants argue that Plaintiff fails to state a cognizable claim for relief under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).  To state a claim under § 1983, Plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (quoting Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001)); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see also Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." Gritchen, 254 F.3d at 812; see also West v. Atkins, 487 U.S. 42, 46–48 (1988). The question in determining whether a person is subject to suit under § 1983 is the same as the question in Fourteenth Amendment claims, Pasadena Republican Club v. W. Justice Ctr., 985 F.3d 1161, 1167 (9th Cir. 2021). Specifically, is the alleged infringement of federal rights fairly attributable to the government?  Id.

Determining whether a private party acts under color of state law "is a matter of normative judgment, and the criteria lack rigid simplicity." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 747 (2020). "[N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government." Brentwood, 532 U.S. at 295–96.  To

typically act under color of state law, a defendant must have exercised power possessed on account of state law and made possible because they are cloaked with the authority of state law. West, 487 U.S. at 49; Florer, 639 F.3d at 922.  A defendant need not necessarily be a state employee, but they must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

There are at least four tests that facilitate identification of state action. Namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Rawson, 975 F.3d at 747 (quoting Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003)). Satisfaction of any the tests is enough to find state action, provided no "countervailing" factor defeats a finding of state action. Pasadena Republican Club, 985 F.3d at 1167; Rawson, 975 F.3d at 747. Regardless of the test, the question is simply always whether a defendant has exercised power possessed and made possible because state law. Pasadena Republican Club, 985 F.3d at 1167.

The public function test is satisfied only upon a showing that the function relevant to a claim is "both traditionally and exclusively governmental." Rawson, 975 F.3d at 747 (quoting Kirtley, 326 F.3d at 1093).  A plaintiff may satisfy both the nexus and joint action tests by identifying "a sufficiently close nexus between the state and the private actor," such that the private action may be treated as an action of the State, or where the State is so interwoven with the private action that the State was a joint participant in the action. Id. (quoting Jensen v. Lane Cty., 222 F.3d 570, 575 (9th Cir. 2000)). Governmental compulsion or coercion may exist if the State exercised coercive power or provided encouragement—whether explicit or secret—such that a choice must be viewed as one made by the State. Id. (citing Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

Physicians who contract with prisons to provide healthcare to inmates are state actors. See, e.g., West, 487 U.S. at 50–54; Harris v. Mkrtchyan, No. 2:19-cv-1040-JAM-JDP (PC), 2021 WL 2651999, at *2 (E.D. Cal. June 28, 2021); George v. Sonoma Cty. Sheriff's Dep't, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010).  However, private doctors, nurses, and hospitals who have

4

1    not assumed the State's obligation to provide medical care to inmates, are not state actors just

2    because they provide one-off medical treatment to an inmate. See, e.g., West, 487 U.S. at 50–54;

3    Felix v. Casey, No. 2:18-cv-3185-KJM-AC-P, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021);

4    Probst v. Adams Cty. Sheriff's Dep't, No. 1:20-cv-00032-DCN, 2021 WL 1554064, at *3 (D.

5    Idaho Apr. 19, 2021).

6          Here, there are insufficient allegations that Defendants Kurczeski and Edwards are

7    contract medical professionals with California City Correctional Facility, the California

8    Department of Corrections and Rehabilitation (CDCR), or that he is otherwise employed by the

9    State. In fact, it appears that Defendants Kurczeski and Edwards are employed by Adventist

10    Health, Tehachapi. (ECF No. 9.); Declaration of Sabrina M. Kurczeski, ¶¶ 2-3; Declaration of

11    Gerard Edwards, ¶¶ 2-3; see also Von Haney v. Cross, No. 2:18-CV-1836 KJN P, 2019 WL

12    586620, at *2 (E.D. Cal. Feb. 13, 2019) (stating outside surgeons and anesthesiologist at Shasta

13    Medical Center and "are not employees of the California Department of Corrections and

14    Rehabilitation, and thus do not qualify as state actors under section 1983."). Defendants' status

15    as state actors is further strained by the fact that they were contacted to perform "emergency"

16    room services. See Clewis v. Cal. Prison Health Care Servs., No. 2:14-cv-01682-SI, 2013 WL

17    2482521, at *1 (E.D. Cal. June 10, 2013) (finding no state action where "a health care provider

18    not contracted to the state has a preexisting commitment to serve all persons who present

19    themselves for emergency treatment"); Sykes v. McPhillips, 412 F.Supp.2d 197, 204 (N.D.N.Y.

20    2006) (doctors "non-contractual provision of medical services outside of the prison context, in an

21    emergency room, is not sufficient to support a finding of state actor status"); Rodriguez v.

22    Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009) ("an emergency medical system

23    that has a preexisting obligation to serve all persons who present themselves for emergency

24    treatment hardly can be said to have entered into a specific voluntary undertaking to assume the

25    state's special responsibility to incarcerated persons"). Although Plaintiff alleges that emergency

26    room personnel acted pursuant to a "code of silence" with correctional officers in denying his

27    appropriate medical care, there are insufficient facts to demonstrate that either Kurczeski or

28    Edwards were aware of and willing participants in the alleged "code of silence." In addition,

1    there are no facts to demonstrate how or when this "code of silence" was implemented or

2    employed to give rise to the level of "state action" under § 1983.  Absent any specific allegations

3    demonstrating that Defendants Kurczeski and Edwards were acting under state law, this Court

4    lacks subject matter jurisdiction.  Accordingly, Defendants' motion to dismiss the claims against

5    him for lack of subject matter jurisdiction should be granted.[3]

6                                              **III.**

7                                    **RECOMMENDATIONS**

8           Based on the foregoing, it is HEREBY RECOMMENDED that:

9           1.      The motion to dismiss brought by Defendants Kurczeski and Edwards[4] for lack of

10                  subject matter be granted; and

11          2.      Defendants Kurczeski and Edwards be dismissed from the action.

12          These Findings and Recommendations will be submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

14   **(14) days** after being served with these Findings and Recommendations, the parties may file

15   written objections with the Court, limited to 15 pages in length, including exhibits.  The

16   document should be captioned "Objections to Magistrate Judge's Findings and

17   Recommendations."  The parties are advised that failure to file objections within the specified

18   time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39

19   (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21   IT IS SO ORDERED.

22   Dated:   **January 28, 2025**                    _____

23                                                    STANLEY A. BOONE
                                                      United States Magistrate Judge

24

25

26   _____

27   [3] Because the Court finds that it lacks subject matter jurisdiction, the Court need not reach Defendants' alternative
     argument that the complaint fails to state a cognizable claim for relief.

28   [4] As previously stated, this motion was not brought on behalf of Defendant Joon Kee James.