UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CESAR GONZALEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOON KEE JAMES, et al.<br><br>                    Defendants. | No.  1:23-cv-01505-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>(ECF No. 30) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT BACKGROUND**

On February 20, 2024, the Court ordered that this action proceed against Defendants Vu Quang Huyah, Joon Kee James, Sabrina Kurczeski (erroneously named as Sabrina Kurezeski), and Gerald Edwards for deliberate indifference to Plaintiff's serious medical needs.  (ECF No. 10.)

On April 18, 2024, Defendant Vu Quang Huyah filed a motion to dismiss for lack of jurisdiction, which was granted on August 15, 2024, and this Defendants was dismissed from the action.  (ECF Nos. 15, 20, 21.)  However, Defendants Joon Kee James, Sabrina Kurczeski, and Gerald Edwards, did not file a timely response, despite being served with process.  Accordingly,

1

1  on July 2, 2024, entry of default was issued against Defendants Joon Kee James, Sabrina

2  Kurczeski, and Gerald Edwards.  (ECF No. 17.)

3    On August 20, 2024, Defendants Sabrina Kurczeski, and Gerald Edwards moved to set

4  aside the entry of default, which was granted on October 28, 2024.  (ECF No. 25.)  Defendants

5  Sabrina Kurczeski, and Gerald Edwards subsequently filed a motion to dismiss for lack of subject

6  matter jurisdiction, which was granted on February 25, 2025, and these Defendants were

7  dismissed from the action.  (ECF Nos. 27, 28, 29.)

8    However, Defendant Joon Kee James did not respond to the complaint or moved to set

9  aside the entry of default.  Therefore, on February 26, 2025, the Court ordered the parties to show

10  cause as to Defendant James.  (ECF No. 30.)  Neither party has responded to the Court's order to

11  show cause.

## II.

## LEGAL STANDARD

14    Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the

15  subsequent entry of default judgment by either the clerk or the district court. "When a party

16  against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

17  and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.

18  R. Civ. P. 55(a).  Entry of default judgment, either by the Clerk or the Court, requires that the

19  moving party file an affidavit.  Fed. R. Civ. P. 55(b)(1), (2).

20    Obtaining a default judgment is a "two-step process," consisting of: (1) seeking a clerk's

21  entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool,

22  782 F.2d 1470, 1471 (9th Cir. 1986); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d

23  922, 923 (9th Cir. 2009).

24    "A defendant's default alone does not in itself warrant the court entering a default

25  judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu

26  Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

27    Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal of a case if a

28  plaintiff fails to prosecute his or her claim or to comply with a court order. See Link v. Wabash R.

1  Co., 370 U.S. 626, 630-32 (1962) (noting that a district court may dismiss a complaint for failure
2  to prosecute a case without affording notice or providing an adversary hearing).  To determine
3  whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court
4  must consider several factors, including: "(1) the public's interest in expeditious resolution of
5  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
6  the public policy favoring disposition of cases on their merits; and (5) the availability of less
7  drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Ferdik v.
8  Bonzelet , 963 F.2d 1258, 1260-61 (9th Cir. 1992).

## III.

## DISCUSSION

11  Here, Plaintiff contends that Defendant Joon Kee James was deliberately indifference to
12  his serious medical needs in violation of the Eighth Amendment.  (ECF No. 10.)  Thus, Plaintiff's
13  claim is not for a sum certain or a sum that can be made certain by computation as required under
14  Rule 55(b)(1).[1]  Rather, a motion for default judgment under Rule 55(b)(2) of the Federal Rules
15  of Civil Procedure is necessary. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986)
16  (identifying factors courts consider in exercising discretion as to the entry of default judgment).
17  Here, entry of default was entered on July 2, 2024, but Plaintiff has not moved for default
18  judgment against Defendant Joon Kee James pursuant to Rule 55(b).  (ECF No. 17.)  For that
19  reason, the Court issued an order directing the parties to show cause as to the lack of response
20  filed by Defendant Joon Kee James.  (ECF No. 30.)  Therein, the Court noted that "Federal Rule
21  of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks "a sum certain or a sum that
22  can be made certain by computation" and provides an affidavit showing the amount due, the clerk
23  must enter judgment for that amount and costs against a defendant who has been defaulted.
24  However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R.
25  Civ. P. 55(b)(2)."  (Id. at 2 n.1.)  Despite being advised of the requisite steps needed to seek a

---

[1] "[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 928-29 (9th Cir. 2004).

3

1  default judgment, Plaintiff did not file anything with the court or otherwise respond to the order.
2  Thus, dismissal is warranted.

3  Turning to the dismissal under Rule 41(b), this Court cannot, and will not hold, this case
4  in abeyance based upon the failure to comply with the Court's order and failure to continue
5  prosecution in a timely manner.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th
6  Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to
7  refrain from dilatory and evasive tactics").  Thus, the first two factors weigh in favor of
8  terminating sanctions.  Adriana In't Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990
9  ("Where a court order is violated, the first two factors support sanctions").  A presumption of
10 prejudice arises when a plaintiff unreasonably delays the prosecution of an action.  See Anderson
11 v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff has not taken action to further the
12 prosecution of the action, despite being ordered by the Court.  Therefore, this factor weighs in
13 favor of dismissal of the action.  In addition, in the Court's first informational order, informed
14 Plaintiff that failure to comply with an order "will be grounds for imposition of sanctions which
15 may include dismissal of the case."  (ECF No. 3 at 1, citing Local Rule 110, Fed. R. Civ. P. 41(b).)
16 Accordingly, the warnings satisfied the requirement that the Court consider lesser sanctions, and
17 this factor weighs in favor of dismissal of the action.  See Ferdik, 963 F.2d at 1262; Henderson,
18 779 F.2d at 1424.  Further, given Plaintiff's failure obey the Court's order and failure to prosecute
19 the action, the policy favoring disposition of cases on their merits is outweighed by the factors in
20 favor of dismissal.  See Malone v. U.S. Postal Service, 833 F.2d 128, 133, n.2 (9th Cir. 1987)
21 (explaining that although "the public policy favoring disposition of cases on their merits… weighs
22 against dismissal, it is not sufficient to outweigh the other four factors").  Accordingly, this action
23 should be dismissed for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

24 **IV.**
25 **RECOMMENDATION**
26 Based upon the foregoing, it is HEREBY RECOMMENDED that the instant action be
27 dismissed for failure to prosecute.
28 ///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge